UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH DUKES | CIVIL ACTION NO. 2:18-cv-0564 |
| V. | DIV. "R"   MAG. (1) |
| | HON. SARAH S. VANCE |
| CROSBY TUGS, L.L.C. | MAG. JANIS VAN MEERVELD |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR MAINTENANCE AND CURE**

**MAY IT PLEASE THE COURT:**

Defendant, Crosby Tugs, L.L.C. ("Crosby"), respectfully submits this Memorandum in Support of its Motion for Partial Summary Judgment seeking dismissal of Joseph Dukes' ("plaintiff") claim for maintenance and cure on the basis that it is barred by *McCorpen v. Gulf Central S.S. Corp.* and its progeny.[1]

Plaintiff is not entitled to maintenance and cure because he intentionally concealed his significant pre-existing lower back condition and treatment over many years with chiropractors. These facts were material to Crosby's hiring decision, and there is a clear connection between plaintiff's pre-existing injuries and the injuries allegedly sustained in the incident at issue in this lawsuit.

Plaintiff's testimony demonstrates that, prior to applying for work at Crosby and prior to this incident, plaintiff sustained an injury to his back from a parachuting incident in 1978 and had been under the care of chiropractors for almost a decade for lower back pain. ***Plaintiff did***

---

[1] 396 F.2d 547, 549 (5th Cir. 1969) cert. denied; *see also Brown v. Parker Drilling*, 410 F.3d 166, 171 (5th Cir. 2005).

*not disclose any of the foregoing or his longstanding prior treatment to Crosby during his pre-employment physical.*

Further, after his hire and prior to the alleged accident at issue in this litigation, plaintiff continued to undergo treatment for lower back pain with chiropractors. Plaintiff's prior, undisclosed injuries/conditions are undeniably connected to the injuries plaintiff contends were sustained in the incident at issue in this litigation. Under these facts, *McCorpen* and its progeny require plaintiff's claim for maintenance and cure be dismissed with prejudice.

## I.   BACKGROUND

On January 18, 2018, plaintiff filed a Seaman's Complaint for Damages against Crosby in the United States District Court for the Eastern District of Louisiana.[2] According to the Complaint, plaintiff claims that he sustained an injury on or about October 30, 2017, while employed by Crosby and assigned to the M/V MISS KORI, a vessel owned and/or operated by Crosby.[3] Specifically, plaintiff claims that he "experienced an accident which resulted in serious painful injuries to his lower back and other parts of his body."[4] Crosby denies plaintiff sustained an injury in connection with his employment and denies he is entitled to damages in this litigation.[5]

### A.   Intentional Concealment of Significant Pre-existing Condition and Medical Treatment Related to the Injury Alleged Herein

At the time of this alleged incident, plaintiff had been employed by Crosby for approximately eight years.[6] Plaintiff completed an application for employment with Crosby on

---

[2] *See* R. Doc. 1. This Complaint was subsequently amended on January 31, 2018 to indicate that Mr. Dukes was actually working on the M/V MISS KORI at the time of the alleged incident. R. Doc. 4.
[3] *Id*. ¶ III-IV.
[4] *Id*. ¶ V.
[5] *See* R. Doc. 6.
[6] *See* the Declaration of Monty W. Savoy, Jr., attached hereto as Exhibit A.

December 14, 2009, and was hired for employment on or about December 15, 2009.[7] Plaintiff was required by Crosby to complete a pre-employment physical examination and medical history questionnaire prior to employment.[8] Plaintiff underwent a pre-employment physical at Complete Occupational Health Services on December 15, 2009.[9]

In connection with this physical, Nurse Practitioner Rebecca Moore, completed a United States Coast Guard Merchant Mariner Credential Medical Evaluation Report.[10] Section IV of this document, entitled "Certification of Medical Conditions," directs the Applicant to report his medical history.[11] Specifically, plaintiff was provided the following unambiguous instructions, "[t]o the best of applicant's knowledge, does the applicant have, or have ever suffered from, any of the following?"[12] Following these instructions, the form contains a detailed description of various medical conditions and treatment.[13]

Plaintiff denied all of the listed conditions.[14] Specifically, plaintiff <u>stated</u> that he did not "***have***" or "***ever suffered***":

"47. Back surgery *or injury*."[15] (emphasis added)

After completing the physical and recording the information reported by plaintiff, Ms. Moore signed the Form under the following provision, "[t]his signature attests, subject to criminal prosecution under 18 USC § 1001, that all information reported by the verifying medical practitioner is true and correct to the best of his/her knowledge and that the medical

---

[7] *See* Exhibit A.
[8] *See* Exhibit A.
[9] *See* Exhibit A, Merchant Mariner Medical Credential Medial Evaluation Report attached thereto as Item 1.
[10] *See* Exhibit A, Item 1, p. 2 of 8.
[11] *See* Exhibit A, Item 1, p. 2 of 8.
[12] *See* Exhibit A, Item 1, p. 2 of 8.
[13] *See* Exhibit A, Item 1, p. 3 of 8.
[14] *See* Exhibit A, Item 1, p. 3 of 8.
[15] *See* Exhibit A, Item 1, p. 3 of 8.

3

practitioner has not knowingly omitted or falsified any material information relevant to this form."[16]

In the "Applicant Certification" signed by plaintiff on December 14, 2009, plaintiff attested:

> My signature below attests, subject to prosecution under 18 USC 1001, that all information that I have reported is true and correct to the best of my knowledge, and that I have not knowingly omitted to report any material information relevant to this form.[17]

Based on the representations plaintiff provided in his Merchant Mariner Credential Medial Evaluation Report, Crosby hired plaintiff for the position of deckhand.[18] In contradiction to plaintiff's representations to Crosby during his physical, through the course of investigating the claims asserted in plaintiff's lawsuit, Crosby learned from plaintiff's own testimony that he had a significant history of treatment to his lower back – *the same injuries plaintiff alleges in this litigation*. As detailed herein, plaintiff's testimony under oath demonstrates that he underwent treatment for low back pain on an ongoing basis for *almost a decade prior* to his employment with Crosby, and continued treatment during his employment with Crosby.

1. **Prior Concealed Treatment for Low Back Pain**

During plaintiff's deposition in this matter, he admitted that he injured his back muscles in a parachuting accident in 1978 while serving in the army.[19] He confirmed that as a result of this injury to his back he was placed on light duty for two weeks.[20] When asked about other conditions, he testified that he had visited chiropractors for "pulled muscles" in his back.[21] He

---

[16] *See* Exhibit A, Item 1, p. 6 of 8.
[17] *See* Exhibit A, Item 1, p. 1 of 8.
[18] *See* Exhibit A, Declaration of Monty W. Savoy, Jr.
[19] *See* Exhibit B, Deposition of Joseph Dukes, p. 25, lines 20-25 through p. 26, lines 1-4.
[20] *See* Exhibit B, p. 28, lines 12-16.
[21] *See* Exhibit B, p. 30, lines 22-25 through p. 31, lines 1-3.

further admitted to seeing a chiropractor at least fifteen times during his lifetime.[22] These visits began when he was 40 years old, before his pre-employment physical for Crosby.[23] The visits were all for his lower back, the same area he alleges to have injured while serving aboard the M/V MISS KORI.[24] The accident alleged in this lawsuit occurred when plaintiff was 59 years old.

As detailed herein, despite more than a decade of treatment for lower lumbar spine pain plaintiff intentionally concealed this information during his pre-employment physical. Specifically, on **December 14, 2009**, plaintiff specifically denied *ever* having: back surgery or injury. ***There can be no doubt that plaintiff's failure to disclose this information was intentional.***

### 2. Alleged Unwitnessed Accident at Issue

On or about October 30, 2017, plaintiff claims that while performing work for Crosby on the M/V MISS KORI he sustained injury to his low back.[25] There are no witnesses to this incident.

Plaintiff's treating physicians diagnosed plaintiff with an L4-5 extrusion. On June 25, 2018, he underwent a L4-5 microdiscectomy, the same area of body that he has sought treatment with multiple chiropractors.

### B. Causal Connection Between Plaintiff's Undisclosed Injuries and Injuries Alleged in this Suit

On November 28, 2018, plaintiff underwent an independent medical examination with neurosurgeon, Dr. Everett G. Robert, Jr.[26] During the evaluation, plaintiff complained of low

---

[22] *See* Exhibit B, p. 31, lines 1-25 through p. 32, lines 1-2.
[23] *See* Exhibit B, p. 32, lines 3-9.
[24] *See* Exhibit B, p. 33, lines 20-22.
[25] *See* Exhibit A, Declaration of Monty W. Savoy, Jr.
[26] *See* Exhibit C, Declaration of Dr. Everett G. Robert, Jr.

back pain and pain in left leg.[27] Plaintiff attributed his pain to the alleged injury at issue, where he pulled a rope to tie it to a bit or bevel.[28] Plaintiff's chief complaint was low back pain and left lower extremity pain.[29]

Based on Dr. Robert's review of plaintiff's testimony about his medical history and treatment to date, he found that plaintiff had preexisting low back pain before the alleged on-the-job incident.[30]

As documented in plaintiff's prior medical history and Dr. Robert's Independent Medical Examination Report and Addendum, there is a clear causal connection between plaintiff's pre-existing injuries and the injuries he alleges in this lawsuit.[31]

## II.     STANDARD OF REVIEW

Crosby submits that plaintiff's forfeiture of maintenance and cure pursuant to the *McCorpen* doctrine can and should be resolved by summary judgment. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the discovery performed by the parties to the suit, admissions and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[32] The moving party has the burden of first presenting the court with support for its motion as well as record evidence in support; the non-moving party must subsequently show the court that there are facts which support the need for a trial.[33] Where the nonmoving party bears the burden of proof at trial, it must go beyond the pleadings to show that there is a genuine issue of

---

[27] *See* Exhibit C, Independent Medical Examination Report, attached thereto as Item 1 and Addendum, attached as Item 2.
[28] *See* Exhibit C, Item 1.
[29] *See* Exhibit C, Item 1.
[30] *See* Exhibit C, Item 1 and Item 2.
[31] *See* Exhibit C, Item 1 and Item 2.
[32] Fed. R. Civ. P. 56(c) (2009).
[33] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

6

material fact.[34] The Fifth Circuit and federal district courts have recognized that application of the *McCorpen* defense to payment of maintenance and cure can be resolved by Motion for Summary Judgment.[35]

### III. LAW & ARGUMENT:

#### a. **Plaintiff's Claim For Maintenance And Cure Is Barred By *McCorpen v. Central Gulf S. S. Corp***

A Jones Act employer is entitled to "investigate a seaman's claim for maintenance and cure benefits" and, if applicable, "rely on certain legal defenses to deny these claims."[36] Pursuant to United States Fifth Circuit law, the *McCorpen* defense bars a plaintiff's recovery of maintenance and cure, when an employer subjects a seaman to a medical examination as part of the hiring process and the employer demonstrates that: (1) the seaman intentionally misrepresented or concealed pertinent medical facts; (2) the non-disclosed facts were material to

---

[34] *See id.*
[35] *See Lett v. Omega Protein, Inc.,* 2012 WL 3205550, *8 (5 Cir. 2012) (Haynes, J.); *see also LeBlanc v. LA Carriers, LLC*, 2016 WL 1268342 (E.D. La. 2016) (Brown, J.) (granting summary judgment for defendant, and holding that plaintiff "failed to create a genuine issue of material fact that there was no causal link between his previous injuries and the injuries he allegedly suffered as a result of the accident at issue in this case.); *Walker v. Pioneer Production Services, Inc.*, 2016 WL 8271212 (E.D. La. 2016) (Zainey, J.) (granting summary judgment for defendant, and holding that plaintiff is not entitled to maintenance or cure related to any treatment to his back due to plaintiff's intentional concealment of his medical history); *Weatherford v. Nabors Offshore Corp.,* No. 03-0478, 2004 WL 414948, *3 (E.D. La. March 3, 2004) (Duval, J.), (granting summary judgment for the defendant, holding that the claimant was not entitled to maintenance and cure as a matter of law, because "[w]here plaintiff claims an injury in the exact same area of the back as was previously injured, the causal connection is clear.); *Fox v. Plaquemines Parish Gov't,* No. 99-748, 1999 WL 1243065, **2-3 (E.D. La. Dec. 17, 1999) (Livaudais, J.) (granting summary judgment against claimant on maintenance and cure claim, when defendant showed that the claimant's prior and present back problems both involved lower back injuries involving the L5-S1 disc); *Guillory v. Northbank Towing Corp.,* 1993 WL 721991, *3 (W.D. La. June 25, 1993) (Doherty, J.) (granting summary judgment for defendant, holding that plaintiff's maintenance and cure claim is "for the exact same area of the back, at the L4-L5 level . . . . Therefore, there clearly is a causal connection and materiality between and of that which was concealed and his present medical condition."); *Keys v. Halliburton Co.,* 1989 WL 54224, **3-4 (E.D. La. May 17, 1989) (Livaudais, J.) (granting the defendant's summary judgment on issue of its obligation to pay maintenance and cure benefits to the plaintiff, holding that "both injuries at issue were medical injuries affecting the low back").
[36] *Brown v. Parker Drilling,* 410 F.3d 166, 171 (5th Cir. 2005); *citing McCorpen,* 396 F.2d at 549.

the company's decision to hire the claimant; and (3) there was a causal link between the concealed pre-existing injury and the employment injury.[37]

In this case, the evidence clearly establishes that Crosby's *McCorpen* defense must prevail. During plaintiff's pre-employment physical, plaintiff intentionally withheld material information concerning more than a decade of treatment for longstanding and persistent lower back (lumbar) pain, which is causally linked to the injuries alleged in this litigation.[38] As attested by Crosby's QHSE Director, Monty W. Savoy, Jr., this information, if honestly reported, would have been material to Crosby's decision to hire plaintiff.[39]

The *McCorpen* defense is intended to protect employers from the burden of compensating employees, who intentionally conceal their material medical history.[40] Accordingly, Crosby is under no obligation to reward plaintiff for the repercussions of his deceit.

### 1. <u>Plaintiff Intentionally Concealed His Prior Injuries from Crosby</u>

As the Fifth Circuit has determined, "[t]he language of *McCorpen* lends itself to [an] objective interpretation of intentional concealment."[41] "Failure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information therefore satisfies the 'intentional concealment' requirement."[42] *McCorpen*'s intentional concealment

---

[37] *See Atlantic Sounding v. Petrey,* 2010 WL 4746907, *2 (5th Cir. 2010); *citing McCorpen*, 396 F.2d at 549; *Jauch v. Nautical Services, Inc.,* 470 F.3d 207, 212 (5th Cir. 2006); see also *Johnson v. Cenac Towing, Inc.,* 544 F.3d 296, 301 (5th Cir. 2008). The Fifth Circuit most recently applied the *McCorpen* principles in *Meche v. Doucet,* 777 F.3d 237 (5th Cir. 2015). There, the Fifth Circuit reversed a decision from the Western District of Louisiana to find the *McCorpen* defense applicable to a plaintiff's claims. In *Meche,* the plaintiff failed to disclose medical information regarding prior back injuries in an employment questionnaire, the employer relied on the plaintiff's representations about his medical history when deciding to hire him, and a connection existed between the withheld information and the injury complained of in the lawsuit.
[38] *See* Exhibit A, Declaration of Monty W. Savoy, Jr.
[39] *See* Exhibit A, Declaration of Monty W. Savoy, Jr.
[40] *See Brown,* 410 F.3d 166, 174 (5th Cir. 2005).
[41] *Brown*, 410 F.3d 166, 174 (5th Cir. 2005); *citing McCorpen*, 396 F.2d at 549.
[42] *Brown*, 410 F.3d at 174; *citing Vitcovich v. Ocean Rover O.N.*, 106 F.3d 411, *3 (9th Cir. 1997).

prong "neither necessarily turns on credibility, nor requires a subjective determination."[43] In *Brown v. Parker Drilling,* the Fifth Circuit held that "[s]eamen must not be allowed to blatantly misrepresent their medical history on questionnaires and then plead ignorance before a jury."[44]

As this Court recognized in *Hardison v. Abdon Callais Offshore, LLC*, *Ladnier v. REC Marine Logistics, LLC,* and *LeBlanc v. LA Carriers, LLC*, the intentional concealment prong "is an essentially objective inquiry."[45] In *Hardison*, an employer was entitled to the application of the *McCorpen* defense and summary judgment was granted, where the plaintiff completed two pre-employment medical questionnaires and failed to disclose his history of diabetes and high blood pressure.[46] The plaintiff was instructed to circle "Y" for "Yes" and "N" for "No" if he "currently" had the symptoms listed, or is he had the symptoms "significantly" in the past.[47] That plaintiff had been diagnosed with diabetes for at least eight years prior to the negative responses on his application, had been treated with injectable insulin, and checked his blood sugar regularly.[48] Plaintiff was also aware that he had experienced high blood pressure and treated with medication.[49] Accordingly, Judge Zainey found the intentional concealment prong was satisfied, because plaintiff "knew that the information he submitted in his job applications was not correct."[50]

Likewise in *Ladnier v. REC Marine Logistics, LLC*, an employer was entitled to application of the *McCorpen* defense by summary judgment where the plaintiff, a vessel captain,

---

[43] *Brown*, 410 F.3d at 175; *see also Savarese v. Pearl River Navigation*, LLC, 2010 WL 3720907, *7 (E.D. La. Sept. 14, 2010) (Vance, J.)("The intentional concealment prong of the *McCorpen* test does not require a finding of subjective intent.").
[44] *Id.* at 175.
[45] *See Hardison v. Abdon Callais Offshore, LLC* 2012 WL 2878636 (E.D. La. 7/13/2013) (Zainey, J.); *Ladnier v. REC Marine Logistics, L.L.C.*, 2015 WL 3824382, *3 (E.D. La. 2015) (Morgan, J.); *See LeBlanc v. LA Carriers, LLC*, 2016 WL 1268342 (ED. La. 2016) (Brown, J.).
[46] *See Hardison*, 2012 WL 287863, *3-*5.
[47] *Id.*
[48] *Id.*
[49] *Id.*
[50] *Id.*

9

completed two pre-employment medical questionnaires prior to his employment regarding his medical history and failed to disclose his extensive history of shoulder problems and treatment.[51] Given the physical nature of the work of a vessel captain, the employer required its applicants to disclose prior injury or disease to certain body parts, including the shoulders, "to form part of an overall assessment of whether the [prospective employee is] physically capable of performing the work of a vessel captain."[52] Specifically, the plaintiff circled "No" for all symptoms and conditions listed, which included "injured shoulder," "any joint problems," and "bone/joint disorder."[53] That plaintiff's medical records revealed treatment for recurrent bilateral shoulder pain with steroid injections in both shoulders and prescription medication, prior to his hire with the defendant.[54] The medical records further revealed that the plaintiff received another shoulder injection after he was hired and a month prior to his alleged injury with the defendant.[55] Accordingly, Judge Morgan found that the intentional concealment prong was satisfied, because the plaintiff "intentionally misrepresented or concealed medical facts for purposes of the *McCorpen* defense."[56]

Similarly, in *LeBlanc v. LA Carriers, LLC*, an employer was entitled to the application of the *McCorpen* defense by summary judgment where a plaintiff failed to disclose his extensive treatment for low back pain.[57] On the medical questionnaire, the plaintiff circled "NO" to every listed ailment, including "Injured back/back pain," "Injured neck/neck pain," and "sciatica or nerve pain."[58] The plaintiff's medical records revealed that prior to his alleged incident, the

---

[51] *See Ladnier v. REC Marine Logistics, L.L.C.*, 2015 WL 3824382, *3 (E.D. La. 2015) (Morgan, J.)
[52] *See id.*
[53] *See id.*
[54] *See id.*
[55] *See id.*
[56] *See id.* at *4.
[57] *See LeBlanc v. LA Carriers, LLC*, 2016 WL 1268342 (ED. La. 2016) (Brown, J).
[58] *See id.* at *6.

plaintiff reported to one doctor that he had been suffering with low back pain for four years.[59] Accordingly, Judge Brown found that the intentional concealment prong was satisfied because plaintiff "knowingly concealed medical facts."[60]

Here, plaintiff's testimony reflect prolonged treatment to his lumbar spine (lower back) for more than ten years leading up to his application for employment and alleged accident. Specifically, plaintiff testified that he suffered a back injury in 1978 during a parachuting incident and had seen multiple chiropractors for low back pain. Nonetheless, despite this long-standing history, plaintiff denied that he "ever suffered" every single condition listed on the Merchant Mariner Credential Medical Evaluation Report.[61]

Simply stated, when the Court contrasts plaintiff's own testimony establishing plaintiff's decade plus history of nearly <u>identical</u> prior lumbar spine (lower back) treatment with plaintiff's responses on his pre-employment medical history questionnaire, there can be no question that plaintiff intentionally misrepresented his prior medical history when applying for work at Crosby. Therefore, the first element of the *McCorpen* test is satisfied. As the Fifth Circuit held in *Brown v. Parker Drilling*, Crosby must not be forced to bear the consequences of an employment decision made while plaintiff concealed facts relevant to his ability to perform work.[62]

### 2. **Plaintiff's Prior Injuries Were Material to Crosby's Employment Decisions**

Plaintiff's misrepresentations were material to Crosby's hiring decision. Under the second element of the *McCorpen* defense, and as recognized by this Court in *Hardison*, "the fact that an employer asks a specific medical question on an application, and that the inquiry is

---

[59] *See id.*
[60] *See id.*
[61] *See* Exhibit A, Item 1.
[62] *Brown,* 410 F.3d at 175.

rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis."[63] Therefore, the mere fact that Crosby made the inquiry, and it was related to plaintiff's ability to perform his job duties, satisfies the "materiality" element of the *McCorpen* defense.[64]

In *Hardison*, the plaintiff was required to complete medical questionnaires, specifically designed to elicit information about pre-existing injuries and health problems.[65] According to the sworn declaration of the employer, plaintiff's position as a deckhand required significant physical activity and long periods offshore wherein food was supplied to employees.[66] The employer's representative testified that, had the company learned of the plaintiff's history of diabetes, it would have "inquired further into [plaintiff's] employability."[67] Because the plaintiff's medical history was "rationally related to the ability to perform his job duties, and plaintiff's truthful disclosure of his pre-existing conditions would have materially affected [the] decision to hire him," the employer satisfied this prong of the *McCorpen* defense.[68]

Moreover, in *Ladnier*, *supra*, the employer argued that given the physical nature of the work of a vessel captain, plaintiff's prior shoulder problems were clearly a material medical fact.[69] According to the sworn declaration of the employer's Operations Manager, had plaintiff fully disclosed his medical history, the employer would have required further medical information from plaintiff and would have required further evidence of his capability of performing the duties of a vessel captain.[70] Judge Morgan found that the employer's inquiries into shoulder injuries, joint problems, and other diseases "are rationally related to plaintiff's

---

[63] *Brown,* 410 F.3d 166, 175 (5th Cir. 2005); *Hardison,* 2012 WL 2878636, *5 (E.D. La. 7/13/2012).
[64] *See id.*
[65] *Id.*
[66] *Id.*
[67] *Id.*
[68] *Id.*
[69] *See Ladnier v. REC Marine Logistics, L.L.C.*, 2015 WL 3824382, *4-5 (E.D. La. 2015) (Morgan, J).
[70] *See id.*

physical ability to perform his job duties as a vessel captain," and determined the materiality prong satisfied.[71]

The Declaration of Crosby's QHSE Director, Monty W. Savory, Jr., satisfies the materiality requirement. Mr. Savoy affirms that Crosby specifically inquired about plaintiff's medical history regarding his back.[72] Despite seeking treatment for over a decade for lumbar spine pain plaintiff intentionally concealed the entirety of this treatment.[73] Had plaintiff accurately reported his significant medical history, Crosby would have inquired further as to plaintiff's employability.[74] The pre-employment physical examination and medical questionnaire were calculated by Crosby to ascertain the existence of any medical condition that might impact plaintiff's ability to perform his job duties.[75] Plaintiff's purposeful non-disclosure of his prior back condition and treatment from Crosby during the hiring process constituted a misrepresentation that was material to Crosby's hiring decision. Accordingly, Crosby has satisfied the second element of the *McCorpen* defense.

### 3. Plaintiff's Previous Injuries are Causally Related to His Current Alleged Injuries

The third element of the *McCorpen* defense requires a causal connection between the employee's prior medical history and the present injury.[76] In determining whether there is a causal connection between the prior medical history and the present injury, "[t]he inquiry is simply whether the new injury is related to the old injury, irrespective of their root causes."[77] "[T]o establish a 'causal link,' it [is] enough for the defendant to show that the old and the new

---

[71] *See id.*
[72] *See* Exhibit A.
[73] *See* Exhibit A.
[74] *See* Exhibit A.
[75] *See* Exhibit A.
[76] *See McCorpen,* 396 F.2d at 549.
[77] *See Johnson v. Cenac Towing, Inc.*, 599 F.Supp.2d 721, 728-29 (E.D.La.2009) (Vance, J.).

13

injuries 'were to the same location'…"[78] As this Court has recognized, there is no requirement that a present injury be identical to a previous injury.[79] All that is required is a causal link between the pre-existing disability that was concealed and the disability incurred."[80]

In *Ladnier*, *supra*, Judge Morgan found that the third prong of the *McCorpen* defense had been satisfied.[81] Judge Morgan found that the plaintiff's complained of injury – a right rotator cuff tear – involves the same part of the body to which the plaintiff previously underwent treatment.[82] According to Judge Morgan, "[w]here a plaintiff claims an injury in the exact same area, the casual connection is clear."[83]

In the instant matter, there is a clear causal connection between plaintiff's prior conditions, which he concealed from Crosby, and the injuries which he alleges in this litigation. Plaintiff is alleging injuries to his lumbar spine with his alleged October 30, 2017 unwitnessed incident. Plaintiff's deposition testimony illustrates his substantial and pre-existing history of treatment to the exact same area of the body. As detailed in Section A (1) herein, plaintiff underwent lumbar spine treatment with various chiropractors for more than ten years prior his

---

[78] *See id* at 728 (quoting *Brown*, 396 F.2d at 176).
[79] *See Brown*, 396 F.2d at 176. *See Hardison*, 2012 WL 2878636, *5 (E.D. La. 7/13/2012).
[80] *See Lett v. Omega Protein, Inc.*, 2012 WL 3205550, *8 (5th Cir. 2012); see also *Weatherford v. Nabors Offshore Corp.*, No. 03-0478, 2004 WL 414948, *3 (E.D.La. March 3, 2004), (granting summary judgment for the defendant, holding that the claimant was not entitled to maintenance and cure as a matter of law, because "[w]here plaintiff claims an injury in the exact same area of the back as was previously injured, the causal connection is clear.); *Fox v. Plaquemines Parish Gov't*, No. 99-748, 1999 WL 1243065, **2-3 (E.D.La. Dec. 17, 1999) (granting summary judgment against claimant on maintenance and cure claim, when defendant showed that the claimant's prior and present back problems both involved lower back injuries involving the L5-S1 disc); *Guillory v. Northbank Towing Corp.*, No. 92-0140, 1993 WL 721991, *3 (W.D. La. June 25, 1993) (granting summary judgment for defendant, holding that plaintiff's maintenance and cure claim is "for the exact same area of the back, at the L4-L5 level .... Therefore, there clearly is a causal connection and materiality between and of that which was concealed and his present medical condition."); *Keys v. Halliburton Co.*, No. 88-1523, 1989 WL 54224, **3-4 (E.D. La. May 17, 1989) (granting the defendant's summary judgment on issue of its obligation to pay maintenance and cure benefits to the plaintiff, holding that "both injuries at issue were medical injuries affecting the low back").
[81] *See Ladnier v. REC Marine Logistics, L.L.C.*, 2015 WL 3824382, *6 (E.D. La. 2015) (Morgan, J).
[82] *See id.*
[83] *See id.*

14

pre-employment physical. There is a clear causal connection between plaintiff's significant pre-existing back condition, and the injury he alleges in this lawsuit.

Based upon the foregoing, Crosby has satisfied the third *McCorpen* element and unequivocally established a causal link between plaintiff's prior concealed lumbar spine condition, and his alleged injuries in this litigation.

## IV. CONCLUSION

Crosby has established every element of the *McCorpen* defense. Plaintiff's deposition testimony demonstrates that, prior to applying for work at Crosby and prior to this incident, plaintiff underwent more than a decade of treatment for longstanding lumbar spine pain. The undisputed facts show that plaintiff intentionally concealed his medical history; plaintiff's undisclosed medical history was material to Crosby's decision to hire plaintiff; and plaintiff's undisclosed treatment and conditions are causally connected to the injuries alleged in this litigation. On these grounds, summary judgment at this time is well-supported and appropriate.

**WHEREFORE,** Defendant, Crosby Tugs, L.L.C., respectfully requests that this Honorable Court grant its motion for summary judgment and dismiss with prejudice Joseph Dukes' claim for maintenance and cure with prejudice as a matter of law.

Respectfully submitted:

*Miles P. Clements /s/*
Miles P. Clements (4184)
Joseph E. Lee III (26968)
Brandon K. Thibodeaux (32725)
Frilot L.L.C.
3700 Energy Centre
1100 Poydras Street
New Orleans, Louisiana  70163-3700
Telephone:	(504) 599-8000
Facsimile:	(504) 599-8100
E-Mail:	mclements@frilot.com
	jlee@frilot.com
	bthibodeaux@frilot.com
**Counsel for Defendant: Crosby Tugs, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record via the CM/ECF system, e-mail, facsimile and/or U.S. Mail this 21st day of December, 2018.

*s/ Miles P. Clements*