UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH DUKES                                    CIVIL ACTION

VERSUS                                          NO. 18-564

CROSBY TUGS, LLC                                SECTION "R" (1)


**ORDER AND REASONS**

Before the Court is defendant Crosby Tugs's motion for partial summary judgment. Because defendant has met its burden under the *McCorpen* defense, the Court grants the motion.


## I.    BACKGROUND

This case arises from an accident that allegedly occurred while plaintiff Joseph Dukes was employed by Crosby Tugs as a Jones Act Seaman.[1] On October 30, 2017, plaintiff allegedly injured his back and other areas of his body in an accident working aboard the vessel M/V MISS KORI.[2] Afterward, plaintiff was diagnosed with an L4-5 intervertebral disc extrusion.[3] He

---

[1]    R. Doc. 14-5 at 1 ¶ 2; R. Doc. 17-2 at 1 ¶ 2.
[2]    R. Doc. 14-5 at 1 ¶ 3; R. Doc. 17-2 at 1 ¶ 3.
[3]    R. Doc. 14-5 at 5 ¶ 30; R. Doc. 17-2 at 3 ¶ 30.

underwent surgery but continued to suffer pain in his lower back and left leg after the procedure.[4]

At the time of the accident, plaintiff had been employed by Crosby Tugs for eight years.[5]  As part of plaintiff's original employment application for his position at Crosby Tugs, plaintiff underwent a physical examination and filled out a medical history.[6]  In his medical history, plaintiff stated that he had never suffered from a back injury and did not suffer from "recurrent neck or back pain."[7]  Plaintiff certified on his employment application, including the medical history, that he did not "knowingly omit[] to report any material information relevant to this form."[8]

But plaintiff later testified that he sprained his back muscles in a parachuting accident while serving in the United States Army in 1978.[9]  He received two weeks of treatment and light duty restrictions for this injury.[10]  Then, in 1985, plaintiff received a screening for acute medical care after complaining of low back pain.[11]  The medical notes indicate that plaintiff

---

[4]     R. Doc. 14-5 at 5 ¶¶ 31-34; R. Doc. 17-2 at 3 ¶¶ 31-34.
[5]     R. Doc. 14-5 at 2 ¶ 5; R. Doc. 17-2 at 1 ¶ 5.
[6]     R. Doc. 14-5 at 2 ¶¶ 8, 10; R. Doc. 17-2 at 1 ¶¶ 8, 10.
[7]     R. Doc. 14-5 at 2-3 ¶ 13; R. Doc. 17-2 at 2 ¶ 13; R. Doc. 14-2 at 5.
[8]     R. Doc. 14-5 at 3 ¶ 15; R. Doc. 17-2 at 2 ¶ 15.
[9]     R. Doc. 14-5 at 4 ¶¶ 19-20; R. Doc. 17-2 at 2 ¶ 19.
[10]    *Id.*
[11]    R. Doc. 15-3.

suffered from "direct back trauma," and "recurrent back pain," and they indicate that the pain was in plaintiff's low back.[12]  Plaintiff also testified that he has visited a chiropractor fifteen times since the age of forty for low back pain.[13]  Plaintiff was fifty-one years old when he completed Crosby Tugs' employment questionnaire.[14]

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth

---

[12]    *Id.* at 1-3 (indicating lower back with a downward arrow and the abbreviation "L.B.P.").
[13]    R. Doc. 14-5 at 4 ¶¶ 21-23, 31; R. Doc. 17-2 at 3 ¶¶ 21-23, 31; R. Doc. 14-3 at 10.
[14]    R. Doc. 14-2 at 1.

'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must,

by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

Seamen have a right to maintenance and cure for injuries that they suffer in the course of their service on a vessel, regardless of whether the shipowner was at fault, or the vessel was unseaworthy. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41-42 (1943). "Maintenance" is the right of a seaman to food and lodging if he becomes injured during the course of fulfilling his duties to the ship. *See Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 413 (2009). "Cure" is the right to necessary medical services. *Id.* Before a plaintiff can recover maintenance and cure, he bears the burden of proving the following facts: (1) he was working as a seaman; (2) he became ill or was injured while in the vessel's service; and (3) he lost wages or

incurred expenses stemming from treatment of the illness or injury. 1 Admiralty & Mar. Law § 6:28 (6th ed.).

Maintenance and cure may be awarded "even where the seaman has suffered from an illness pre-existing his employment." *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968). But as a "general principle," the benefits "will be denied where he knowingly or fraudulently conceals his illness from the shipowner." *Id.*; *see also Bodden v. Prof'l Divers of New Orleans, Inc.*, No. 01-795, 2001 WL 1223589, at *2 (E.D. La. Oct. 12, 2001) (discussing *McCorpen* defense). Specifically, if the shipowner requires a prospective seaman to undergo a pre-hiring medical evaluation, and the seaman either intentionally misrepresents or conceals material medical facts, then the seaman is not entitled to an award of maintenance and cure. *See McCorpen*, 396 F.2d at 549. For a shipowner or employer to rely on the *McCorpen* defense to deny a seaman's maintenance and cure claim, the employer must establish that: (1) the seaman intentionally misrepresented or concealed medical facts; (2) the misrepresented or concealed facts were material to the employer's hiring decision; and (3) there exists a causal link between the pre-existing disability that was concealed and the disability suffered during the voyage. *Id.*; s*ee also Brown v. Parker*

*Offshore Drilling*, 410 F.3d 166, 171 (5th Cir. 2005) (finding *McCorpen* defense established).

Defendant argues that plaintiff's failure to disclose his earlier back injury from the parachuting accident while serving in the United States Army, and his recurrent back pain for which he received multiple treatments over a decade, allows defendant to deny him maintenance and cure under *McCorpen*. For the reasons that follow, the Court finds that defendant has shown all three components of the *McCorpen* defense.

### A.    Concealment

Plaintiff intentionally concealed or misrepresented medical facts when he stated in his medical history that he had never suffered from a back injury or from recurrent back pain.[15]    The Fifth Circuit has held that intentional concealment does not require a finding of subjective intent. *Brown*, 410 F.3d at 174. Rather, "[f]ailure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information . . . satisfies the 'intentional concealment' requirement." *Id.* Not only did plaintiff testify that he injured his back in a parachuting accident,[16] but his medical forms from the mid-1980s also state that he suffered from "direct

---

[15]    *See* R. Doc. 14-2 at 5.
[16]    R. Doc. 14-3 at 5.

back trauma"[17] and "recurrent back pain."[18]  Plaintiff's failure to disclose the accident and resulting pain constitutes concealment of medical facts.

### B.    Materiality

If an employer asks a specific medical question on an application, and the inquiry is rationally related to the applicant's physical ability to perform his job duties, the information is material for the purpose of the *McCorpen* analysis.  *Id.* at 175; *see also McCorpen*, 396 F.2d at 549 ("[W]here the shipowner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure.").  Crosby Tugs specifically asked plaintiff whether he had suffered a back injury and recurring back pain.[19]  This inquiry is rationally related to plaintiff's physical ability to perform the duties of a deckhand, because "[t]he position of a deckhand requires physical activity over extended periods of time."[20]  It is reasonable for Crosby Tugs to inquire about a back condition because it might have hindered an applicant's ability to perform physical tasks such as pulling a

---

[17]    R. Doc. 15-3 at 1.
[18]    *Id.* at 2.
[19]    R. Doc. 14-2 at 5.
[20]    *Id.* at 2.

8

rope up to the barge, the task in which plaintiff was engaged when he allegedly injured himself.[21]  Plaintiff's omission of his back injury and recurring back pain was therefore material to Crosby Tugs's hiring decision under Fifth Circuit law.  *See Brown*, 410 F.3d at 175 (noting that a seaman's "history of back injuries is the exact type of information sought by employers.").

Luwisch v. American Marine Corporation, on which plaintiff relies to argue that Crosby Tugs has not met its burden, is clearly distinguishable from the facts of this case.  No. 17-3241, 2018 WL 3111931 (E.D. La. June 25, 2018).  The employer in *Luwisch* hired the plaintiff even though he did not complete a medical history questionnaire.  *Id.* at *2 ("[T]he Court finds it significant that AMC hired Luwisch without having obtained the complete [medical history] packet.").  Courts generally "assume[] a connection between the specific medical question being asked and the employer's decision to hire," but that presumption does not apply when an employer hires an employee without requiring the employee to complete that portion of the application.  *Id.*  Here, Crosby Tugs required plaintiff to complete the medical history form.  Thus, the presumption that it then relied on the information in the form applies.

---

[21]    *See* R. Doc. 17-1 at 12-13.

## C.    Causal Link

Under the causal relationship prong, a defendant must show "a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." *Brown*, 410 F.3d at 176 (quoting *Quiming v. Int'l Pac. Enters., Ltd.*, 773 F. Supp. 230, 236 (D. Haw. 1990)).  But the test applied is "not a causation analysis in the ordinary sense." *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 728 (E.D. La. 2009).  Rather, "the *McCorpen* defense will succeed if the defendant can prove that the old injury and the new injury affected the same body part." *Id.* (citing *Brown*, 410 F.3d at 176); *see also Weatherford v. Nabors Offshore Corp.*, No. 03-478, 2004 WL 414948, at *7 (E.D. La. Mar. 3, 2004).  Indeed, "there is no requirement that a present injury be identical to a previous injury." *Brown*, 410 F.3d at 176 (quoting *Quiming*, 773 F. Supp. at 236).

Here, the parties agree that plaintiff's previous back issues and his injury while employed by Crosby Tugs both affected his low back.[22]  Plaintiff contends that this is not enough to establish a causal connection between his prior "mechanical" back pain and his current disc injury, because he was never diagnosed with an L4-5 disc herniation before this accident.[23]  It is true

---

[22]    R. Doc. 14-5 at 4 ¶ 31; R. Doc. 17-2 at 3 ¶ 31.
[23]    R. Doc. 17 at 10-11.

there is no evidence of an injury to the L4-5 disc before this accident. Indeed, an x-ray from a medical examination in 2012 revealed that plaintiff's L4-5 disc space was "fairly well maintained" at that time, although the L3-4 disc showed "moderately prominent narrowing . . . with spurring."[24]

Causation in this case is a closer question than the first two *McCorpen* elements. If this element of the *McCorpen* defense required traditional tort causation, the Court would agree that it has not been established. But a faithful reading of the legal precedents seems to indicate that a previous lumbar strain or pulled muscle is causally linked to a later disc herniation, even without medical testimony establishing that the current injury was the product of a previous, somewhat different, injury to the same area of the back. *Id.*; *Weatherford*, 2004 WL 414948, at *3. In *Brown*, the plaintiff's failure to disclose "lumbar strain" was causally related to a later "herniated disc in his lumbar region," even though there was no evidence that the herniation preexisted plaintiff's employment, because the injuries were "to the same lumbar-spine region." *Brown*, 410 F.3d at 176, 185. Similarly, in *Weatherford*, Judge Stanwood Duval held that a "lower lumbar strain" and "pulled muscle" in the lower back were causally related to "injuries to [the

---

[24]     R. Doc. 17-1 at 8.

plaintiff's] lumbar discs,"[25] because [w]here plaintiff claims an injury in the . . . same area of the back as was previously injured, the causal connection is clear." *Weatherford*, 2004 WL 414948, at *3.

The Court concludes that the same result is required here. Plaintiff suffered an L4-5 disc herniation as a result of his accident, which is an injury to a disc in the lumbar spine.[26] His recurring back pain documented in the 1985 medical examination was also in his lumbar region, as were the chiropractic treatments he received for ten years before his employment with Crosby Tugs. Plaintiff's x-ray from 2012 does not change this result, because plaintiff makes no showing that a "fairly well maintained" disc space, as shown on an x-ray, reveals the state of his discs, which are not made of bone. In addition, even if plaintiff's back were x-rayed in 2012 or even at the time he was hired without a finding at L4-5, he is not relieved of his duty to report prior injuries in order to receive maintenance and cure. *See Johnson v. Cenac Towing, Inc.*, 468 F. Supp. 2d 815 (E.D. La. 2006), *vacated in part on other grounds*, 544 F.3d 296, 833 (5th Cir. 2008) (plaintiff twice underwent preemployment x-rays and examinations and was cleared for employment with defendant, but defendant still prevailed on its *McCorpen* defense).

---

[25]    *See* R. Doc. 52 (Case No. 03-478).
[26]    R. Doc. 15-3 at 1; R. Doc. 14-3 at 10.

Defendant has therefore shown a causal connection because plaintiff's undisclosed pain and injury were to the same region of plaintiff's back as his current herniation.

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __15th__ day of February, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE